# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK DOWNEY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1212-CFC |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

Mark Downey, McLean, Virginia. Pro Se Plaintiff.

## MEMORANDUM OPINION

October 30, 2019
Wilmington, Delaware

*signature: Ch. F. C___*

**CONNOLLY, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Mark Downey ("Plaintiff"), proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.¹ (D.I. 7) He filed this Complaint as a *qui tam* action under the False Claims Act, presumably pursuant to 18 U.S.C. §§ 286-287 and 31 U.S.C. §§ 3729-3733,² and the Dodd-Frank Act.³ (D.I. 3) The Complaint also invokes numerous federal criminal and civil statutes. In addition, Plaintiff filed a combined motion to quash sovereign immunity, motion to accommodate the disabled, motion to expedite and seal, motion to refer criminal case to the U.S. Attorney, and motion to designate the primary defendant for the defendant class action claim. (D.I. 1) The

---

¹ On March 26, 2019, the United States District Court for the Eastern District of Virginia Court issued a standing order and enjoined Plaintiff from filing future civil actions *in forma pauperis* Court without first obtaining leave to file. *See Downey v. United States*, No. 19-CV-0233, at D.I. 16 (E.D. Va. Mar. 26, 2019). On August 20, 2019, the United States District Court for the Southern District of New York, barred Plaintiff from filing future civil actions *in forma pauperis* without first obtaining leave to file, and further warned Plaintiff that the continued submission of vexatious, frivolous, or otherwise nonmeritorious documents may result in the imposition of additional sanctions, including monetary penalties. *See Downey v. United States*, 2019 WL 4179160, at *1 (Sept. 3, 2019).

² 18 U.S.C. § 287 is the criminal false claims statute; 18 U.S.C. § 286 is a companion statute to the criminal false claims statute for conspiracy to defraud the government by filing false claims; and 31 U.S.C. § 3729, is the civil analog of the criminal false claims statute.

³ It seems that Plaintiff refers to the whistleblower provisions of Dodd-Frank Wall-Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 78u-6(h).

1

Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).[4]

## II. BACKGROUND

The crux of the Complaint, which is 77 pages of text purporting to include 45 counts, is that Plaintiff seeks to bring a "*qui tam* action under "the False Claims Act and the Dodd Frank Act to generate revenues for the Federal Government to dramatically reduce the mounting $21 Trillion Federal Budget Deficit for our Children's Children; 70% for the Federal Government and 3-0% for the Disabled Plaintiff." (D.I. 3 at 4) Plaintiff seeks $1,063.48 billion and, in the claim for relief (D.I. 3 at ¶ IV), states that his work of five years was illegally destroyed by the Federal Government, he received no compensation and "the unjustified whistleblower claim denial recourse is to file suit." (D.I. 3 at ¶ IV; D.I. 3-1 at 7)

---

[4] Plaintiff has a recent history of bringing *qui tam* lawsuits under the False Claims Act and filing motions sovereign immunity in various jurisdictions across the United States which seem to be related to the March 26, 2019 standing order enjoining him from future filings that was entered in the United States District Court for the Eastern District of Virginia. *See e.g.*, *Downey v. United States*, 2019 WL 5260727 (4th Cir. Oct. 17, 2019); *Downey v. United States*, 2019 WL 5079552 (N.D. Cal. Oct. 10, 2019); *Downey v. United States*, 2019 WL 4855145 (E.D. Ky. Oct. 1, 2019); *Downey v. United States*, 2019 WL 4143288 (D. Hawai'i (Aug. 30, 2019); *Downey v. United States*, 2019 WL 4014204 (Fed. Cl. Aug. 23, 2019); *Downey v. United States*, 2019 WL 3848947 (W.D. Ark. Aug. 15, 2019); *Downey v. United States*, 2019 WL 3553360 (S.D.N.Y. Aug. 5, 2019); *Downey v. United States*, 2019 WL 3564564 (S.D.N.Y. Aug. 5, 2019); *Downey v. United States*, 2019 WL 2921788 (D. Md. July 8, 2019). All of the foregoing actions were dismissed as frivolous or for failure to state a claim prior to service of any defendant.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under

3

§ 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff has filed this action as a *qui tam* proceeding under the False Claims Act. It appears that Plaintiff seeks statutory proceeds of the *qui tam* action or settlement of the claim under 31 U.S.C. § 3730(d)(1). This section of the False Claims Act provides:

> (d) Award to qui tam plaintiff.--(1) If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. Where the action is one which the court finds to be based primarily on disclosures of specific information (other than information provided by the person bringing the action) relating to allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, the court may award such sums as it considers appropriate, but in no case more than 10 percent of the proceeds, taking into account the significance of the information and the role of the person bringing the action in advancing the case to litigation. Any payment to a person under the first or second sentence of this paragraph shall be made from the proceeds. Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(1).

Section 3730(b) permits an individual to bring a suit on behalf of the United States based on violations of 31 U.S.C. § 3729, which enumerates seven separate ways of making a false claim. As noted, the False Claims Act provides that a private individual, known as a relator, "may bring a civil action for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government." 31 U.S.C.§ 3730(b)(1). "[A]lthough *qui tam* actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the public at large, the Government remains the real party in interest in any such action." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990). The *qui tam* relator stands in the shoes of the government and is not acting on his own behalf. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). Plaintiff is not qualified to represent the interests of the United States given that he proceeds *pro se* and there is no indication that he is a licensed attorney. *See United States ex rel. Gunn v. Shelton*, 2013 WL 5980633, *2 (D. Del. Nov. 12, 2013). Plaintiff, as a relator, may not proceed *pro se* as a matter of law. *See id.* Therefore, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, the Complaint does not state a claim under the Dodd-Frank Act. "[T]o sue under Dodd-Frank's anti-retaliation provision, a person must first 'provid[e] . . . information relating to a violation of the securities laws to the Commission.'" *Digital Realty Trust, Inc. v. Somers*, \_\_U.S.\_\_, 138 S. Ct. 767, 772-73 (2018) (quoting 15 U.S.C. § 78u-6(a)(6)). Plaintiff seems to allege that he sent a whistleblower complaint to the SEC and it was either ignored or deleted. (*See* D.I. 3 at 36) He alleges that the

"government or whistleblower programs make absolutely no accommodation of the Dodd-Frank Act." (*Id.* at Count 18)

Several courts have determined that the Dodd-Frank Act does not create a private right of action against lenders outside of very narrow situations. *See Zuniga v. Am. Home Mortg.*, 2016 WL 6647932 (D.N.J. Nov. 8, 2016) ("[A]s a general rule, the Dodd–Frank Act does not provide for a private right of action by borrowers against lending institutions.") (citing *Angino v. Wells Fargo Bank, N. Am.*, 2016 WL 787652, *9 (M.D. Pa. Feb. 19, 2016)); *Diena v. Certified Credit & Collection Bureau, Inc.*, 2015 WL 570247, at *2 (D.N.J. Feb. 11, 2015) ("Plaintiff offers no statutory basis for the existence of a private right of action under the Dodd–Frank Act . . . .").

Given Plaintiff's allegations, is it unclear what his Dodd-Frank Act claim is and whether there is a private right of action. Indeed, the Court can discern no basis for a viable Dodd-Frank Act claim.

In addition, Plaintiff has failed to state claims under the relaxed pleading standard afforded to *pro se* litigants. Even construing the Complaint most liberally, the claims are deficiently pled and do not meet the pleading standards of *Iqbal* and *Twombly*. Plaintiff does not identify what provisions of the numerous statutes he invokes were violated and does not specify what conduct by Defendant constitutes the purported violation(s). In addition, Plaintiff attempts to raise criminal claims when he has no standing to do so. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her

district."). The Complaint does not allege facts substantiating the causes of action Plaintiff attempts to raise. Finally, the Complaint does not request any feasible relief or state a basis for Plaintiff's entitlement to such relief.

After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. The Complaint will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i); and (2) deny as moot Plaintiff's combined motion for relief (D.I. 1).

An appropriate order will be entered.